STAINSBY, Appellant, v. SCHALLENKAMP, et al,
Respondents

(34 N. W.2d 832.)

(File No. 8983. Opinion filed December 7, 1948.)

**Jas. R. McGee,** of Salem, for Appellant.

**C. H. McCay,** of Salem, for Respondents.

SICKEL, J. This is an action to quiet title to a quarter section of land in McCook County. Edwin Frederick Stainsby and Flora E. Stainsby were husband and wife, and their only children were a daughter named Lucy born in 1898 and a son named Floyd Eugene born in 1902. The land is question was acquired by the wife in 1910 and it became the family homestead. In 1913 the wife executed a deed which by its terms conveyed the land to "Fred E. Stainsby", grantee The husband died in 1931 and the wife died February 22, 1946. Thereafter, on November 15, 1946, the deed was filed for record by the son. This action was commenced on December 12, 1946, by the son under the name of Fred

E. Stainsby, as plaintiff, and the defendants were the daughter Lucy Stainsby Schallenkamp and other persons unknown. The daughter and Williams, as administrator of the estates of both husband and the wife, filed separate answers denying that the son was the sole owner of the land and alleging that Edwin Frederick Stansby, the husband, and Fred E. Stainsby the grantee in the deed, were one and the same person; that the daughter became the owner of a half interest in the land through inheritance from her parents, and asking that title to that interest be quieted in her. Judgment was entered for defendant daughter on her counterclaim and the son appealed.

In disposing of the case the circuit court decided that Flora E. Stainsby, grantor, intended to and did convey the land to her husband not to her son. The question presented on this appeal is whether the evidence is sufficient to support that decision.

 A deed must designate a grantee who has existence and the capacity to take title. "If the deed in its entirety distinguishes the grantee from the rest of the world it is sufficient." 26 C. J. S., Deeds, § 24b. "Fred" is a diminutive of "Frederick". Webster's New International Dictionary, 1944. The evidence in this case shows that Fred is the given name by which the husband was generally known or identified by the members of his family, neighbors and friends in the community where he lived. The son testifying in his own behalf stated that he was generally known as Gene or Eugene by all the members of his family, and as Floyd by his grandmother; that all his friends and acquaintances called him Gene; that his name was entered on the school rolls as Eugene; that he registered for selective service as Floyd Eugene. On March 29, 1941, he procured a birth certificate prepared under his own direction, signed and verified by his mother, filed in the office of the clerk of courts and reciting that his name was Floyd Eugene Stainsby. After a careful examination of the entire record we conclude that the father has been identified as the grantee in the deed in question by the overwhelming preponderance of the evidence.

Whether the deed was ever delivered to the husband is immaterial in this case since both husband and wife died intestate.

Judgment affirmed.

All the judges concur.